KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Keith Robert Pierpont, | ) | No. CIV 05-111-TUC-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| John Evans, et al., | ) | |
| Defendants. | ) | |

On February 15, 2005, Plaintiff Keith Robert Pierpont, presently confined in the Arizona State Prison-Fort Grant, filed a pro se Complaint pursuant to 28 U.S.C. § 1331 ("Complaint"). Plaintiff has paid the two hundred fifty dollar ($250.00) filing fee.

Plaintiff filed return of service documents on February 24, 2005. On March 10, 2005, Plaintiff filed a Motion for Default Judgment (Doc. #9). Motions to Dismiss were filed on March 31, 2005 (Doc. ##14 & 15) and April 5, 2005 (Doc. #19) by Defendants. Plaintiff filed a second Motion for Default Judgment on June 21, 2005 (Doc. #23).

**Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**Complaint**

The following are named as Defendants to the Complaint: 1) John Evans, Assistant Attorney General, State of Arizona; 2) Christopher Browning, Pima County Superior Court Judge; 3) Frank Dawley, Pima County Superior Court Judge; 4) Barbara LaWall, Pima County Attorney; 5) Members of Grand Jury issuing Indictment 176-GJ-725 in Pima County Superior Court Case No. CR 20033181; 6) State of Arizona; 7) John Does 1-10,000; 8) Jane Does 1-10,000; and 9) ABC Corporations 1-10,000.

Plaintiff raises numerous claims in his Complaint challenging his indictment and conviction in the Pima County Superior Court for Conspiracy to Commit Fraudulent Scheme and Artifice and False Instrument, two counts of False Instrument, and Fraudulent Scheme and Artifice, Benefit of a Value of $100,000 or more. Plaintiff seeks immediate release from prison and money damages.

**Improper Defendants**

Prosecutors are absolutely immune from liability for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-43); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986). Accordingly, Defendants Evans and LaWall must be dismissed for failure to state a claim.

Further, judges are absolutely immune from suits for damages for their judicial acts except when they are taken "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Ashelman, 793 F.2d at 1075. An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. Stump, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.

1990).  In this case, Plaintiff challenges actions taken by judges presiding over his criminal proceedings.  Presiding over a criminal case is a function normally performed by a judge and Plaintiff dealt with the judges named in this suit in their judicial capacities.  Plaintiff makes no colorable allegations that the judges named in the Complaint acted outside of their jurisdiction.  Accordingly, Defendants Browning and Dawley must be dismissed from this action for failure to state a claim.

Similarly, members of a grand jury are absolutely immune from suit because, like a judge, they must "exercise a discretionary judgment on the basis of evidence presented to them." Imbler, 424 U.S. at 423 n.20.  Accordingly, Defendants Members of Grand Jury will be dismissed from this action.

Finally, under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' for purposes of section 1983.  Defendant State of Arizona will therefore be dismissed.

**Failure to State a Claim**

Plaintiff's complaint seeking damages for wrongful prosecution is premature because his conviction has never been reversed, expunged or otherwise invalidated.  The Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable[.]

Heck v. Humphrey, 512 U.S. 477, 486-7 (1994) (emphasis in original) (footnote omitted).

Therefore, when a state prisoner seeks damages in a suit alleging an unconstitutional conviction or imprisonment, the district court must consider whether a

1  judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction
2  or sentence. Id. If it does, the complaint must be dismissed if the conviction or sentence
3  has not already been invalidated. In this case, Plaintiff explicitly alleges both that his
4  conviction was invalid and that it has not been overturned, reversed, or declared invalid.
5  Accordingly, Plaintiff's claims must be dismissed.

6  To the extent that Plaintiff seeks the invalidation of his sentence, or any relief which
7  would result in immediate or speedier release, his exclusive remedy is a petition for habeas
8  corpus.[1] Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).

9  **Dismissal Without Leave to Amend**

10  Because the Court is convinced that the deficiencies in the Complaint cannot be
11  cured by amendment, see Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing
12  Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980)), the Court's dismissal of the
13  Complaint will be without leave to amend. The Court will order that the action be dismissed
14  and judgment entered.

15  **Motions**

16  As all of the pending motions in this case were filed before the Court completed
17  statutory screening of Plaintiff's Complaint, these motions are premature and, in light of the
18  Court's dismissal, are moot. These motions will be denied as moot.

19  **IT IS THEREFORE ORDERED** as follows:

20  (1) The Complaint and this action are DISMISSED WITHOUT LEAVE TO AMEND,
21  for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1),(2), and the Clerk of Court

---

[1] Plaintiff should note that a prisoner attacking his state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose, 455 U.S. at 521-22. "[E]xcept in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). The failure to exhaust subjects a habeas petitioner to dismissal. Gutierrez v. Griggs, 695 F.2d 1195 (9th Cir. 1983).

shall enter judgment accordingly;

(2) The Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g); and

(3) The following motions are **DENIED AS MOOT**:

(a) Plaintiff's March 10, 2005 Motion for Default Judgment (Doc. #9),

(b) Defendants' March 31, 2005 Motions to Dismiss (Doc. ##14 &15),

(c) Defendants' April 5, 2005 Motion to Dismiss (Doc. #19),

(d) Plaintiff's June 21, 2005 Motion for Default Judgment (Doc #23).

DATED this 16th day of November, 2005.

_____
David G. Campbell
United States District Judge